UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHARATH RAGHUKULTILAK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-00455-TLN-DMC<br><br>**ORDER ON PLAINTIFF'S *EX PARTE* APPLICATION TO SHORTEN TIME** |

　　　　This matter is before the Court on Plaintiff's *Ex Parte* Application for an Order Shortening Time to Hear Plaintiff's Motion to Modify the Scheduling Order and Motion to Withdraw as Counsel. (ECF No. 18.) The Court has reviewed Plaintiff's Application and all documents filed in support thereof, including the declaration of counsel and motions attached thereto. (ECF Nos. 18, 18-2.) For the reasons set forth below, Plaintiff's *Ex Parte* Application is DENIED, but the Scheduling Order is modified as requested.

　　　　By way of his application, Plaintiff seeks an order shortening time to hear two motions: (1) a motion to modify the scheduling order; and (2) a motion to withdraw as counsel. Essentially, Plaintiff seeks to shorten time so that his motions can be heard before the current discovery cutoff of June 23, 2020. Through the motion to modify the scheduling order, Plaintiff seeks to continue that discovery deadline and other corresponding dates because litigation delays

stemming from COVID-19 and counsel's imminent motion to withdraw necessitate such a continuance. Plaintiff has attached a copy of his motions to the application; attached to the motion to modify is a copy of the parties' signed stipulation agreeing to modify the scheduling order and proposing new dates and deadlines. (ECF No. 18-2, Ex. C (motion) at 46–49 (stipulation).)

Given the stipulation of the parties and good cause appearing due to litigation delays stemming from COVID-19 and counsel's intent to withdraw, the Court is inclined to grant Plaintiff's request to extend the discovery cutoff and other corresponding dates, even without shortening time to allow for the full notice period. Plaintiff's *ex parte* application as it relates to shortening time on Plaintiff's Motion to Modify the Scheduling Order is therefore DENIED as moot.[1] The Court approves the stipulation of the parties to so modify, and therefore ORDERS the Scheduling Order (ECF No. 3, previously modified at ECF No. 17) modified as set forth below.

Given the extension of all applicable dates and deadlines, the Court is similarly not inclined to grant Plaintiff's request to shorten time to hear counsel's motion to withdraw. Rather, if counsel wishes to withdraw and leave Plaintiff to proceed pro se, counsel shall file a noticed motion to do so. Alternatively, Plaintiff is of course free to file a substitution of counsel at any time.

For the reasons set forth above, Plaintiff's *Ex Parte* Application (ECF No. 18) is DENIED. Construing Plaintiff's intended motion and accompanying stipulation to modify the scheduling order as a stipulation and request for the Court to so modify, the Court ORDERS the dates set forth in the Scheduling Order (ECF Nos. 3, 17) modified as follows:

1. The parties shall complete non-expert discovery no later than January 29, 2021.
2. The parties shall file any dispositive motions no later than March 31, 2021.
3. One hundred eighty (180) days after the Court's ruling on any dispositive motion the parties shall designate any experts they propose to tender at trial.

---

[1] Plaintiff is correct that a stipulation to modify the scheduling order alone would be insufficient. A Court order is indeed required, as Plaintiff acknowledges. A stipulation and order of the Court, however, is sufficient even absent a fully noticed motion to modify.

4. Not later than thirty (30) days after the designation of expert witnesses, any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party.

5. The parties shall complete all discovery of expert witnesses within one hundred twenty (120) days of the disclosure of any expert witness by an adverse party.

6. Not later than thirty (30) days after completing expert discovery, and no later than February 25, 2022, the parties shall file a Joint Notice of Trial Readiness as described in the Court's original Scheduling Order (*See* ECF No. 3).

IT IS SO ORDERED.

DATED:  June 22, 2020

_____
Troy L. Nunley
United States District Judge