UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHARATH RAGHUKULTILAK,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:19-cv-00455-TLN-DMC<br><br>**ORDER ON PLAINTIFF'S *EX PARTE* APPLICATION TO SHORTEN TIME** |

This matter is before the Court on Plaintiff's *Ex Parte* Application for an Order Shortening Time to Hear Plaintiff's Motion to Modify the Scheduling Order. (ECF No. 23.) The Court has reviewed Plaintiff's Application and all documents filed in support thereof, including the declaration of counsel and motions attached thereto. For the reasons set forth below, Plaintiff's *Ex Parte* Application is DENIED, but the Scheduling Order is modified as requested.

By way of his application, Plaintiff seeks an order shortening time to hear a motion to modify the scheduling order. Plaintiff has attached a copy of his motion to the application and a copy of the parties' signed stipulation agreeing to modify the scheduling order and proposing new dates and deadlines. (ECF No. 23-2 at 57–67.) In the motion to modify the scheduling order, Plaintiff seeks to continue the discovery cutoff date and the dispositive motion deadline due to a pending motion to withdraw, current discovery that is due, and Plaintiff's counsel's inability to

complete discovery responses or anything related to this case as Plaintiff has ceased communication with his counsel.  The current discovery cutoff date is January 29, 2021 and the current dispositive motion deadline is March 31, 2021.  (ECF No. 19.)  Plaintiff indicates the parties stipulated to a new discovery cutoff date of March 31, 2021, and a new dispositive motion deadline of May 30, 2021.  (ECF No. 23-2 at 67.)

Given the stipulation of the parties and good cause appearing due to litigation delays, counsel's intent to withdraw, and lack of communication by Plaintiff, the Court is inclined to grant Plaintiff's request to extend the discovery cutoff and dispositive motion deadlines, even without shortening time to allow for the full notice period.  Plaintiff's *ex parte* application to shorten time on Plaintiff's Motion to Modify the Scheduling Order is therefore DENIED as moot.[1]  The Court approves the stipulation of the parties to so modify, and therefore ORDERS the Scheduling Order (ECF No. 3, previously modified at ECF No. 17 and ECF No. 19) modified as set forth below.

For the reasons set forth above, Plaintiff's *Ex Parte* Application (ECF No. 23) is DENIED.  Construing Plaintiff's intended motion and accompanying stipulation to modify the scheduling order as a stipulation and request for the Court to so modify, the Court ORDERS the dates set forth in the Scheduling Order (ECF Nos. 3, 17, 19) modified as follows:

1. The parties shall complete non-expert discovery no later than March 31, 2021.
2. The parties shall file any dispositive motions no later than May 30, 2021.

IT IS SO ORDERED.

DATED: October 2, 2020

Troy L. Nunley
United States District Judge

---

[1] Plaintiff is correct that a stipulation to modify the scheduling order alone would be insufficient.  A Court order is indeed required, as Plaintiff acknowledges.  A stipulation and order of the Court, however, is sufficient even absent a fully noticed motion to modify.