UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHARATH RAGHUKULTILAK, M.D., | No. 2:19-cv-00455-TLN-DMC |
| Plaintiff, | |
| v. | **ORDER** |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Bharath Raghukultilak's ("Plaintiff") Petition for Relief from Government Code § 945.4. (ECF No. 7.) Defendants California Department of Corrections and Rehabilitation, California Correctional Health Care Services, David Snell, M.D., Kevin Rueter, M.D., and Todd Murray, Psy.D. (collectively, "Defendants") filed an opposition. (ECF No. 8.) Plaintiff filed a reply. (ECF No. 12.) For the reasons set forth below, the Court DENIES Plaintiff's petition.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was previously employed as a doctor at High Desert State Prison in Susanville, California. (*See generally* ECF No. 1.) Plaintiff's employment was subject to a six-month probationary period, during which time Defendants rejected Plaintiff's continued employment.

1

(*Id.*) Plaintiff alleges claims of discrimination, retaliation, and harassment under federal and state law arising from his employment. (*Id.*) Plaintiff brings the instant petition seeking relief from the claim presentation requirement of Government Code § 945.4 ("§ 945.4") "as a precautionary measure" because "there is a question whether Plaintiff timely filed a claim" with the proper public entity prior to bringing this action. (ECF No. 7-1 at 1–2.)

## II.  STANDARD OF LAW

Prior to bringing tort claims against state and local public entities, plaintiffs in California must comply with the strict procedural requirements of the California Tort Claims Act ("the Act"). Cal. Gov't Code §§ 810–996.6. Among the Act's procedural prerequisites for a suit is the requirement that a claimant file a written claim with the proper public entity. *See id.* § 945.4. If the claim is not presented within the time set forth by the statute, "a written application may be made to the public entity for leave to present the late claim." *Id.* §§ 911.2, 911.4. The application for leave to present the late claim must be submitted to the public entity "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim." *Id.* § 911.4. If the application is denied, the claimant may file a petition with "a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates." *Id.* § 946.6(a). "The granting of a petition under [§] 946.6 allows the petitioner to bypass the claims procedure altogether and does not then require the re-filing of a late claim." *Perez v. Escondido*, 165 F. Supp. 2d 1111, 1115 (S.D. Cal. 2001).

## III.  ANALYSIS

Plaintiff brings the instant petition pursuant to California Government Code § 946.6 ("§ 946.6"). (ECF No. 7-1 at 2.) As a threshold matter, Defendants argue this Court is not the proper court to provide Plaintiff's requested relief. (ECF No. 8 at 6.) The Court agrees.

"The Ninth Circuit has not decided whether a federal court, rather than a state court, has jurisdiction to rule on a petition for leave to file a late claim, and there is a split of authority among California's district courts." *Garza v. Alvara*, No. 115-cv-00234-DAD-SKO, 2016 WL 4921542, at *10 (E.D. Cal. July 8, 2016). Plaintiff argues that *Perez* is the most well-reasoned and illustrative case to address this question. (ECF No. 12 at 4.) In *Perez*, a district court in the

1    Southern District of California concluded it had jurisdiction to consider a § 946.6 petition because
2    "[t]here is no plain language in [§] 946.6 depriving this Court of jurisdiction." 165 F. Supp. 2d at
3    1115. However, a majority of courts in this circuit have rejected *Perez* because it relied in part on
4    language in § 946.6(a) predating 2002 amendments. *See, e.g.*, *Hill v. City of Clovis*, No. 1:11-cv-
5    01391-AWI-SMS, 2012 WL 787609, at *12 (E.D. Cal. Mar. 9, 2012); *Deats v. Cnty. of Orange*,
6    No. CV 09-6322 PSG (CTX), 2010 WL 11549366, at *3 n.4 (C.D. Cal. Feb. 3, 2010); *San Diego*
7    *Branch of Nat'l Ass'n for the Advancement of Colored People v. Cnty. of San Diego*, No. 16-cv-
8    2575-JLS (BGS), 2017 WL 5194579, at *3 (S.D. Cal. Nov. 9, 2017).

9            Before 2002, § 946.6(a) stated "the proper court for filing the petition is a court which
10   would be a competent court for the trial of an action on the cause of action to which the claim
11   relates and which is located in a county or judicial district which would be a proper place for the
12   trial of the action." Cal. Gov't Code § 946.6(a) (2001 ed.) As of 2002, the language of §
13   946.6(a) became more specific. The "proper court" for obtaining relief is no longer "a court,"
14   rather, it is now "a superior court." Cal. Gov't Code § 946.6(a). Courts in this district have
15   consistently held that federal courts lack jurisdiction to hear § 946.6 petitions because the statute
16   as amended unambiguously vests jurisdiction to consider such petitions *only* with state superior
17   courts. *See Hill*, 2012 WL 787609, at *12 ("Since § 946.6(a) was amended to identify a specific
18   court, and that court is the state superior court, this Court will follow the majority position and
19   conclude that only state superior courts have been given the authority to grant relief pursuant to §
20   946.6(a)."); *see also Crisp v. Wasco State Prison*, No. 1:13-cv-00816-GSA-PC, 2013 WL
21   3805150, at *3 (E.D. Cal. July 22, 2013); *Medina v. Lopez*, No. 1:14-cv-01850-GSA PC, 2015
22   WL 1405284, at *3 (E.D. Cal. Mar. 26, 2015); *Oliver v. Ybarra*, No. 1:15-cv-00723-GSA-LJO,
23   2015 WL 2381349, at *4 (E.D. Cal. May 18, 2015).

24           While the Court arguably *does* have jurisdiction to consider whether Plaintiff timely
25   complied with the Act, that is not the purpose of Plaintiff's § 946.6 petition. *See Ovando v. City*
26   *of Los Angeles*, 92 F. Supp. 2d 1011, 1022 (C.D. Cal. 2000) ("The question presented by a §
27   946.6 petition . . . is whether a claimant should be relieved of his obligations under the Act and is
28   separate from the merits and not properly within a federal court's subject matter jurisdiction.").

Plaintiff "preemptively" requests the Court relieve him from the provisions of § 945.4 even though it is unclear whether his claims were untimely.  (ECF No. 7-1 at 2 ("Out of an abundance of caution, because it can be argued July 2, 2018 was the termination date, Plaintiff preemptively seeks relief from this Court.").)  The parties are free to argue the issue of timeliness in a properly noticed motion, but a § 946.6 petition is not the proper vehicle for doing so.  *See id.* ("The issue of timeliness can then be raised in the form of demurrer, motion for summary judgment, motion for judgment on the pleadings, or motion to strike.").  Because the plain language of § 946.6 as amended explicitly vests jurisdiction only with state superior courts, the Court agrees with the majority of courts in this circuit that it lacks jurisdiction to grant Plaintiff's requested relief.

### IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Petition for Relief from Government Code § 945.4.  (ECF No. 7.)

DATED:  November 17, 2020

Troy L. Nunley
United States District Judge