1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   BHARATH RAGHUKULTILAK.,              No.  2:19-CV-0455-TLN-DMC

12                 Plaintiff,

13        v.                              <u>FINDINGS AND RECOMMENDATIONS</u>

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
15   REHABILITATION, et al.,

16                 Defendants.

17

18            Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

19   Court is Defendants' unopposed motion for summary judgment, ECF No. 27, supporting

20   memorandum, ECF No. 28, request for judicial notice, ECF NO. 29, separate statement of

21   undisputed facts, ECF No. 30, and exhibits, ECF No. 31.  Pursuant to Eastern District of

22   California Local Rule 230(c), the matter was submitted on the papers without oral argument.

23            The Federal Rules of Civil Procedure provide for summary judgment or summary

24   adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file,

25   together with affidavits, if any, show that there is no genuine issue as to any material fact and that

26   the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The

27   standard for summary judgment and summary adjudication is the same.  <u>See</u> Fed. R. Civ. P.

28   56(a), 56(c); <u>see also</u> <u>Mora v. ChemTronics</u>, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).  One of

the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).  To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).  It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.

/ / /

/ / /

/ / /

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

# I.  PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's original complaint.  See ECF No. 1.  In his complaint, Plaintiff alleges the following "Case Overview":

> California Correctional Health Care Services is located in Elk Grove, California, and provided medical health services to inmate patients of the California Department of Corrections and Rehabilitation at High Desert State Prison in Susanville, California.  CDCR created a toxic work environment where racists discriminatory remarks were a common occurrence.  From management, to employees, the High Desert State Prison engaged in a systematic campaign of harassment, discrimination, and retaliation against a highly competent physician because of his national origin, ancestry, race, disability, and whistle-blowing protected categories.  Despite repeated complaints made to the CEO and Medical Director of the facility, no action was taken to stop the harassment, discrimination, and retaliation.  In the short amount of time that Plaintiff worked for Defendant, Defendant managed to create an extremely hostile environment where Plaintiff's constant concerns regarding patient health and safety were disregarded.
> Harassment increased after Plaintiff made valid complaints regarding the hospital's treatment of their patients.  Plaintiff pressed management on the lack of ADA compliant chairs and raised concerns regarding patient confidentiality.  Ultimately instead of addressing the several issued in its prison, the High Desert State Prison unlawfully terminated Plaintiff.

ECF No. 1, pg. 2.

Plaintiff names the following as defendants: (1) the California Correctional Health Care Services (CCHCS); (2) the California Department of Corrections and Rehabilitation (CDCR); (3) David Snell, M.D.; (4) Kevin Rueter, M.D.; and (5) Todd Murray, Psy.D.  See id. at 2-3.  The individual defendants are sued in their official capacities only.  See id. at 4.

Plaintiff states the facts alleged in the complaint give rise to the following causes of action:

| | |
|---|---|
| First Cause of Action | Discrimination based on Race, National Origin, and Ancestry, 42 U.S.C. § 2000e-2.  Against Defendants CCHCS and CDCR only. |
| Second Cause of Action | Violation of Americans with Disabilities Act, 42 U.S.C. § 12111, et seq.  Against Defendants CCHCS and CDCR only. |
| Third Cause of Action | Violation of California Health & Safety Code § 1278.5.  Against Defendants CCDCS and CDCR only. |
| Fourth Cause of Action | Violation of California Labor Code § 1102.5.  Against Defendants CCHCS and CDCR only. |
| Fifth Cause of Action | Violation of California Labor Code § 6310.  Against Defendants CCHCS and CDCR only. |
| Sixth Cause of Action | Violation of California's Fair Employment and Housing Act (FEHA), California Government Code § 12940(a).  Against Defendants CCHCS and CDCR only. |
| Seventh Cause of Action | Retaliation, 42 U.S.C. § 2000e.  Against Defendants CCHCS and CDCR only. |
| Eighth Cause of Action | Failure to Prevent Discrimination, Harassment, and Retaliation, in violation of California Government Code § 12940(k).  Against Defendants CCHCS and CDCR only. |
| Ninth Cause of Action | Discrimination Based on Association, in violation of California Government Code § 12940(h).  Against Defendants CCHCS and CDCR only. |
| Tenth Cause of Action | Harassment, in violation of California Government Code § 12940(j).  Against Defendants Snell, Rueter, and Murray only. |

ECF No. 1, pgs. 19-33.

Plaintiff seeks money damages only.  See id. at 33.

4

It bears noting that Plaintiff's complaint was filed with the assistance of retained counsel who has since withdrawn, leaving Plaintiff to proceed pro se.  See ECF No. 26 (District Judge's December 14, 2020, granting counsel's motion to withdraw).

## II.  DISCUSSION

In their unopposed motion for summary judgment, Defendants argue as follows: (1) Plaintiff's state law claims are barred; (2) Plaintiff's failure to comply with the California Government Claims Act bars his non-FEHA state law claims; (3) Plaintiff cannot establish unlawful discrimination; (4) Defendants are entitled to judgment as a matter of law on Plaintiff's Tenth Cause of Action for harassment; (5) the same actor defense creates an inference of lawfulness; and (6) Plaintiff's state law and Americans with Disabilities Act claims are barred by the Eleventh Amendment.  See ECF No. 28.

As discussed below, the Court finds that summary judgment is appropriate because Plaintiff's First through Ninth Causes of Action against the state agency defendants and Plaintiff's Tenth Cause of Action against the individual defendants are all barred by the Eleventh Amendment.

### A.    Defendants CCHCS and CDCR

Plaintiff's First through Ninth Causes of action are asserted against Defendants CCHCS and CDCR only.  Defendants argue that Plaintiff's ADA claim is barred by the Eleventh Amendment.  See id. at 27.  The Court agrees.

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

1    Plaintiff names CCHCS and CDCR as defendants, both of which are agencies of

2  the State of California.  Under the Eleventh Amendment, this Court may not hear any of

3  Plaintiff's claims against CCHCS and CDCR.  The First through Ninth Causes of Action – all

4  asserted against Defendants CCHCS and CDCR only – should be dismissed with prejudice.

5         **B.      Defendants Snell, Rueter, and Murray**

6         Plaintiff's Tenth Cause of Action for harassment in violation of California

7  Government Code § 12940(j) is the only claim asserted against the three individual defendants,

8  Snell, Rueter, and Murray.  These defendants are sued in their official capacities for money

9  damages only and are all alleged to be state officials.

10        The Eleventh Amendment also bars actions seeking damages from state officials

11 acting in their official capacities.  See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena

12 v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).  The Eleventh Amendment does not,

13 however, bar suits against state officials acting in their personal capacities.  See id.  Under the

14 doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for

15 prospective declaratory or injunctive relief against state officials in their official capacities.  See

16 Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).

17        Here, Plaintiff does not seek prospective declaratory or injunctive relief and

18 Plaintiff does not name the individual defendants in their official capacities.  Plaintiff's Tenth

19 Cause of Action for money damages as against Defendants Snell, Rueter, and Murray, who are

20 sued in their official capacities as state officials, is also barred under the Eleventh Amendment.

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

6

1

### III.  CONCLUSION

2      Based on the foregoing, the undersigned recommends that Defendants' unopposed

3  motion for summary judgment, ECF No. 27, be granted.

4      These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

6  after being served with these findings and recommendations, any party may file written objections

7  with the court.  Responses to objections shall be filed within 14 days after service of objections.

8  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

9  Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11  Dated:  March 1, 2022

12
                                            _____
13                                          DENNIS M. COTA
                                            UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28